**STATE of Maine**

v.

**Daniel VAN SICKLE.**

Supreme Judicial Court of Maine.

Submitted on Briefs Sept. 19, 1990.
Decided Oct. 11, 1990.

---

**2.** Whitty does not appeal from the summary judgment entered against him in the Superior

Court.

David W. Crook, Dist. Atty., Alan P. Kelley, Deputy Dist. Atty., Augusta, for state.

Adam A. Klausner, Verrill & Dana, Portland, for defendant.

Before McKUSICK, C.J., and ROBERTS, GLASSMAN, CLIFFORD and COLLINS, JJ.

McKUSICK, Chief Justice.

After a jury trial the Superior Court (Kennebec County, *Lipez, J.*) convicted defendant Daniel Van Sickle of unlawful furnishing of marijuana under 17-A M.R.S.A. § 1106 (1983). On appeal defendant challenges only the trial court's denial of his motion to suppress physical evidence seized by police in a search of his Gardiner home pursuant to a search warrant. Finding no error in the court's ruling, we affirm the conviction.

In May and June of 1985, Sergeant Michael Pratt and Officer Dennis Hayden of the Maine State Police used an undercover informant to make three controlled buys from defendant in connection with their drug investigations. On each of the first two occasions, the officers equipped the informant with a transmitting device, Sergeant Pratt searched her, and the two officers watched from their car as she entered defendant's home in Gardiner. Via the transmitter they listened to the informant buy marijuana from defendant. The informant then returned to the officers, turned over the drugs to them, and submitted to another search. On the third buy, the routine varied in that Sergeant Pratt was not present. On the basis of Officer Hayden's affidavit setting forth the facts of these three buys, a complaint justice found probable cause and issued a warrant to search defendant's home. In the search the officers recovered roughly two pounds of marijuana.

Defendant was indicted for unlawful trafficking in Schedule Z drugs (Class C) under 17-A M.R.S.A. § 1103 (1983). Among his many pretrial motions, defendant filed a motion for additional discovery in regard to an official investigation into alleged misconduct by Officers Hayden and Pratt, stating in his motion that this misconduct would destroy the validity of Officer Hayden's search warrant affidavit. The Superior Court (*Brody, C.J.*) reviewed *in camera* the police documents requested by defendant and ultimately released two

of them to defendant. Based on those documents, defendant filed a motion to suppress physical evidence supported by an offer of proof challenging the validity of the search warrant affidavit. The justice hearing the suppression motion (*Chandler, J.*) ruled that defendant had failed to make the necessary preliminary showing that he was entitled to an evidentiary hearing on the validity of the search warrant, and denied the motion. Following a jury trial on the drug trafficking charge, defendant was convicted of the lesser included offense of unlawful furnishing of marijuana (Class D), 17–A M.R.S.A. § 1106, and sentenced to 10 months imprisonment.

■ In order to obtain an evidentiary hearing to impeach a search warrant affidavit, the defendant must make a " 'substantial preliminary showing' " of the falsity of specific information in the search warrant affidavit. *State v. White,* 391 A.2d 291, 295 (Me.1978) (quoting *Franks v. Delaware,* 438 U.S. 154, 155, 98 S.Ct. 2674, 2676, 57 L.Ed.2d 667 (1978)). His challenge to the information should be supported by " '[a]ffidavits or sworn or otherwise reliable statements....' " *Id.* at 293 (quoting *Franks v. Delaware,* 438 U.S. at 155, 98 S.Ct. at 2676). The defendant must further show that the information at issue is material, that is, that it is necessary to the finding of probable cause. *Id.* at 293 n. 2. Finally, the defendant must show that the affiant included the false information knowingly or with reckless disregard as to its falsity. *Id.* at 293. Even if the defendant does make the required showing, he is still not entitled to an evidentiary hearing if, after excision of all the false information from the search warrant affidavit, there remains probable cause for the warrant. *Id.* at 293–94. These same rules apply "if the overall falsity of the affidavit arises out of the deliberate omission of facts negatory of probable cause." *State v. Rand,* 430 A.2d 808, 821 (Me.1981).

■ In the case at bar defendant argues that Officer Hayden knowingly omitted from the affidavit material facts that would have altered the complaint justice's evaluation of probable cause for a search warrant. In support of his motion for an evidentiary hearing on the search warrant affidavit, defendant offered as proof the report of an interview of the informant conducted by two FBI agents and the transcript of an interview of the informant and her mother conducted by two officers from the Internal Affairs Division of the Maine State Police. Defendant later supplemented these offers of proof with an affidavit from his then attorney summarizing a conversation he had had by telephone with the informant, then living in Florida.

These offers of proof fall short of constituting the substantial preliminary showing of material omissions from the search warrant affidavit necessary to entitle defendant to an evidentiary hearing. It is particularly significant that defendant offered only unsworn statements by the informant to challenge the affidavit. The informant was at no time under oath, either during her interviews with the Maine State Police and the FBI or in her telephone statements to defendant's attorney. It was reasonable for the motion justice to view the informant's unsworn statements as an insufficient challenge to the validity of the search warrant affidavit and less than the required substantial preliminary showing of material falsity.

Even if the informant's statements had been made under oath, they still would not have entitled defendant to an evidentiary hearing on the affidavit because they attacked only peripheral facts, not the core information that established probable cause for issuing the search warrant. For example, even though the informant said that Officer Hayden never searched her, she emphasized that on the two drug buys that Sergeant Pratt supervised, Pratt had searched her both for any drugs she had before and for whatever she had after. Defendant has not demonstrated any material omissions from the search warrant affidavit. None of the informant's statements contradicted the basic facts justifying the issuance of the search warrant. She never denied that she made three controlled drug buys from defendant as overheard by the police officers. Even if everything that

defendant now alleges, including the supposed misconduct of Officer Hayden, were added to the search warrant affidavit, defendant's challenge to the sufficiency of the affidavit would still fail. There would remain undisputed in the affidavit the core information of the two controlled buys for which both Officers Pratt and Hayden were present. That information provided fully adequate support for the complaint justice's finding of probable cause to search defendant's home.

The entry is:

Judgment affirmed.

All concurring.