UNITED STATES of America, Plaintiff,

v.

Terry WESTOVER, Defendant.

No. 2:92–CR–48–01.

United States District Court,
D. Vermont.

Jan. 4, 1993.

Thomas D. Anderson, Asst. U.S. Atty., Burlington, VT, for plaintiff.

---

John L. Pacht, Hoff, Agel, Curtis, Pacht & Cassidy, Burlington, VT, for defendant.

## OPINION AND ORDER

PARKER, Chief Judge.

On May 6, 1992, Vermont State Trooper Todd Chisholm applied to Vermont District Court Judge Edward Cashman for a warrant to search defendant's residence. Chisholm submitted a sworn affidavit in support of his application. Judge Cashman issued a warrant for the search of defendant's residence.

Trooper Chisholm's affidavit in support of the warrant application recites five principal facts in an attempt to establish probable cause for the search. Those facts are as follows:

1. On March 3, 1992, Chisholm spoke with U.S. Customs Inspectors William LaBier and Charles Lambert. They advised Chisholm that in early February, 1992, Terry Westover entered the United States through the West Berkshire Port of Entry. After brief questioning, Westover was admitted. The vehicle directly behind Westover was driven by Gilles Mathieu, who appeared to be following Westover. Mathieu acknowledged that he knew Westover. At that time a fresh marijuana leaf was identified on the floor of Mathieu's vehicle. Because the leaf was fresh, and it was during the winter, Chisholm assumed that the leaf emanated from an indoor marijuana growing operation.

2. During the same discussion with LaBier, Chisholm was advised that a mail carrier named Gary Jewitt had delivered a package to Terry Westover. Jewitt had walked up Westover's driveway at which time Westover emerged from his home displaying a very irritated mood. Westover told Jewitt not to come onto his property.

3. Based on the discussion with LaBier, Chisholm obtained a thirteen month history of Westover's electric bills from Vermont Electric Co-op. Those records indicate an increase usage in electricity from January 1992 to February 1992. Central Vermont Public Service worker Chuck Hurley advised that the increased power was probably due to lighting and that the lighting was probably introduced to the electrical system sometime in January of 1992.

4. On May 4, 1992, Chisholm spoke with an employee of Agway in the Village of Enosburg. The employee told Chisholm that Westover has been in the store in late January, early February to purchase Agro-grow lights, and 500 to 600 peat pots and trays.

5. Sometime between April 25, 1992 and May 5, 1992, Chisholm spoke with a confidential informant who advised him that Westover said he was growing same sexed plants for a friend in Montreal.

*See* Paper #18.

On July 7, 1992, the defendant moved this Court to suppress evidence obtained during the search of his residence. Alternatively, the defendant moved for a *Franks* hearing to challenge the good faith of the police officer whose affidavit was submitted in support of the search warrant. In support of his original motion, defendant's counsel, John Pacht, filed an affidavit in which he claimed Chisholm omitted certain details and in one instance gave misleading information. By Order dated September 28, 1992, this Court denied the defendant's motions. Defendant currently calls upon the Court to reconsider its order with respect to defendant's request for a *Franks* hearing.

### Discussion

In *Franks v. Delaware*, the Supreme Court announced the standard for determining whether a defendant is entitled to a hearing to challenge the veracity of a search warrant affidavit:

[W]e hold that where the defendant makes a substantial preliminary showing that a false statement knowingly and intentionally, or with reckless disregard for the truth, was included by the affiant in the warrant affidavit, and if the allegedly false statement is necessary to the finding of probable cause, the Fourth

Amendment requires that a hearing be held at the defendant's request.

\* \* \* \* \* \*

There is, of course, a presumption of validity with respect to the affidavit supporting the search warrant. To mandate an evidentiary hearing, the challenger's attack must be more than conclusory and must be supported by more than a mere desire to cross-examine. There must be allegations of deliberate falsehood or of reckless disregard for the truth, and those allegations must be accompanied by an offer of proof. They should point out specifically the portion of the warrant affidavit that is claimed to be false; and they should be accompanied by a statement of supporting reasons. Affidavits or sworn or otherwise reliable statements of witnesses should be furnished, or their absence satisfactorily explained.... The deliberate falsity or reckless disregard whose impeachment is permitted ... is only that of the affiant, not of any nongovernmental informant. Finally, if these requirements are met, and if, when material that is the subject of the alleged falsity or reckless disregard is set to one side, there remains sufficient content in the warrant affidavit to support a finding of probable cause, no hearing is required. On the other hand, if the remaining content is insufficient, the defendant is entitled, under the Fourth and Fourteenth Amendments, to his hearing.

*Franks v. Delaware*, 438 U.S. 154, 155–56, 171–72, 98 S.Ct. 2674, 2676, 2683–84, 57 L.Ed.2d 667 (1978).

By way of proffers and affidavits, the defendant in this case specifically challenges Chisholm's accounts of the border incident, the postal inspector's observations and the information received from the Agway employee. The fact that some of these challenges pertain to the veracity of the source of information rather than Chisholm himself is of no moment where that source is a governmental agent. *United States v. Dorfman*, 542 F.Supp. 345, 366 n. 18 (N.D.Ill.1982), *aff'd sub nom. United States v. Williams*, 737 F.2d 594 (7th Cir. 1984), *cert. denied*, 470 U.S. 1003, 105 S.Ct. 1354, 84 L.Ed.2d 377 (1985). It is a well-recognized premise that government agents cannot insulate one agent's misleading statements or omissions by merely relaying them through an affiant who is personally ignorant of their falsity. *Id.; Franks v. Delaware*, 438 U.S. at 163 n. 6, 98 S.Ct. at 2680 n. 6. Chisholm's statements in his affidavit regarding the border incident and the postal inspector's observations are derived from information he received from federal agents. Also, as the affiant, it was Chisholm's obligation to ascertain and present to the judge all relevant facts. Furthermore, Chisholm's statements concerning the defendant's purchases from Agway are based on his personal conversations with an Agway employee. The challenge to statements reflecting the content of this conversation is a direct challenge to Chisholm's veracity. Accordingly, defendant's challenges are permissible under the *Franks* standard.[1]

Upon reconsidering Attorney Pacht's affidavit, and in light of his proffers and other supporting affidavits, I now find that the defendant has made a sufficiently substantial preliminary showing that the Chisholm affidavit may contain deliberately misleading statements and material omissions, or statements and omissions made in reckless disregard for the truth. When the warrant affidavit is reviewed without including the allegedly false statements, there are insufficient facts remaining to justify a finding of probable cause. Accordingly, a hearing is warranted.

*Conclusion*

Defendant's Motion for Reconsideration (Paper # 23 in Court's docket) is hereby

---

**1.** Defendant's supporting papers include an affidavit by Thomas O'Sullivan in which Mr. O'Sullivan opines generally about Chisholm's veracity. Such general perceptions do not meet the requirements set forth by the Supreme Court in *Franks* as they do not claim specific portions of the affidavit are false, but merely reflect general concerns about Chisholm's untrustworthiness. Accordingly, I have excluded this affidavit from my considerations on the matter before me.

GRANTED. A hearing on the veracity of the Chisholm affidavit will be scheduled.

Dated at Burlington, in the District of Vermont, this 31 day of December, 1992.