**STATE of Maine**

**v.**

**Edwin A. HAMEL.**

Supreme Judicial Court of Maine.

Argued Nov. 5, 1993.

Decided Dec. 8, 1993.

R. Christopher Almy, Dist. Atty., Jeffrey Silverstein (orally), Asst. Dist. Atty., Bangor, for State.

Marshall A. Stern, Judith Mizner (orally), Bangor, for defendant.

Before GLASSMAN, CLIFFORD, COLLINS, RUDMAN and DANA, JJ.

RUDMAN, Justice.

Edwin A. Hamel appeals from the judgments entered on his conditional guilty pleas to charges of trafficking in marijuana and possession of hashish. 17–A M.R.S.A. § 1103, 1107 (1983). Hamel challenges the trial court's refusal to hold an evidentiary hearing on Hamel's allegation that the affidavit submitted by a police officer to obtain the warrant to search Hamel's home relied on knowing misstatements by a fellow officer, and claims that the officer's affidavit on its face lacked probable cause to justify a warrant. We vacate the judgments.

Agent Robert Hutchings of the Bureau of Intergovernmental Drug Enforcement ("BIDE") submitted to the District Court (Bangor, *Russell, J.*) an affidavit in support of an application for a warrant to search the home of Edwin Hamel. The affidavit asserted that: (1) four years earlier Hamel had received four shipments from a source of marijuana cultivation equipment; (2) Hamel's electrical power usage records during the past fifteen months showed relatively high residential use; and (3) Chris Melanson, a marijuana cultivator arrested by BIDE, had told Hutchings's fellow BIDE agent, Garold Cramp, that Hamel was a marijuana cultivator. The court issued a warrant; the agents searched Hamel's home and found marijuana, hashish, money, guns, and drug paraphernalia.

Hamel requested a hearing and moved to suppress the fruits of the search, contending that the affidavit did not establish probable cause and that it contained misstatements made either intentionally and knowingly or in reckless disregard of the truth. In support of his contention that the affidavit contained knowing misstatements, Hamel submitted a sworn affidavit from Melanson, stating that Melanson had never spoken to Agent Cramp, that the only officer to whom he spoke was named Arno, and that Melanson did not make the statements attributed to him when he spoke to Officer Arno. The trial court (Penobscot County, *Delahanty, C.J.*) denied Hamel's motion, refused to grant a hearing, and held that the affidavit was sufficient to support a finding of probable cause.

■ A criminal defendant is entitled to an evidentiary hearing when he makes a "substantial preliminary showing" that: (1) the affidavit to obtain a warrant included intentional and knowing misstatements or misstatements made in reckless disregard for the truth, and (2) that the misstatements were necessary for a finding of probable cause. *Franks v. Delaware,* 438 U.S. 154, 155–56, 98 S.Ct. 2674, 2676–77, 57 L.Ed.2d 667 (1978); *State v. Van Sickle,* 580 A.2d 691, 693 (Me.1990). The affidavits enjoy a presumption of validity. *Franks,* 438 U.S. at 171, 98 S.Ct. at 2684. To make a substantial showing, the defendant must attack specific information in the affidavit through sworn statements. *Van Sickle,* 580 A.2d at 693.

**1274**

The challenge must consist of more than conclusory, contrary statements. *Franks,* 438 U.S. at 171, 98 S.Ct. at 2684.

■ The trial court found that Hamel had made the necessary showing to earn a *Franks* hearing in all respects except that Hamel did not challenge Hutchings's veracity, he challenged Cramp's. Because Hutchings was entitled to rely on statements by a fellow officer, the court ruled that Hamel had not generated an issue of known or reckless falsity by the affiant. This conclusion was incorrect. *Franks,* 438 U.S. at 163 n. 6, 98 S.Ct. at 2680 n. 6 (dicta that police cannot insulate a deliberate misstatement by relaying it through an officer-affiant who is ignorant of its falsity); *United States v. DeLeon,* 979 F.2d 761, 764 (9th Cir.1992) ("A deliberate or reckless omission by a government official who is not the affiant can be the basis for a *Franks* suppression. The Fourth amendment places restrictions and qualifications on the actions of the government generally, not merely on affiants."); *United States v. Calisto,* 838 F.2d 711, 714 (3d Cir.1988) (if only the affiant's conduct was relevant, rights protected by *Franks* would be jeopardized); *United States v. Westover,* 812 F.Supp. 38, 40 (D.Vt.1993); *United States v. Kenney,* 595 F.Supp. 1453, 1469 (D.Me.1984). Because Cramp is a fellow officer, if he lied to Hutchings, then the affidavit is just as invalid as if Hutchings had lied himself.

■ The State argues that the affidavit from Melanson is insufficient to qualify as a "substantial showing," necessary to call Cramp's truthfulness into question and warrant a *Franks* hearing. Citing a First Circuit decision, the State claims that Melanson's affidavit creates at best a "swearing contest" between Melanson and Cramp, and therefore does not merit a *Franks* hearing. *United States v. Southard,* 700 F.2d 1, 10 (1st Cir.1983). In *Southard,* however, the challenged affidavit relied on statements by five undisclosed informants. *Id.* at 7. The defendants filed several affidavits denying ever having made any of the statements attributed to them by the unnamed informants. *Id.* at 10. Because they had allegedly never said these things to anyone, the defendants claimed that the undisclosed informants did not exist. *Id.* The First Circuit noted that the defense affidavits might prove only that the informants had lied to the police. A lie by an informant to an unsuspecting affiant will not generate a *Franks* hearing. *Id.* The court stated that the defense affidavits were conclusory and unsupported, and simply "set up a swearing contest." *Id.* In *Southard,* the defense affidavits simply denied everything. Hamel, on the other hand, directly challenges specific statements made by a police officer.

Melanson's affidavit is more than a conclusory, unsupported denial. It not only denies the statements attributed to Melanson by Cramp; it denies that Melanson ever spoke to Cramp at all. Most important, the affidavit is submitted by the alleged informant, and not by a third-party who has no way of knowing what the informant might have said.

The State suggests that "[t]he absence of S/A Cramp's statement is most significant." The State cites *United States v. Rios,* 611 F.2d 1335 (10th Cir.1979), to support its position that Hamel was obligated to supply statements by police officers to make the requisite substantial showing to generate a hearing. In *Rios,* however, the defendants alleged that the DEA agent-affiant knowingly or recklessly misstated information supplied by another agent in order to expand the areas subject to search. *Id.* at 1346–48. Based on affidavits submitted by the defendant, the court ordered an evidentiary hearing. As Hamel does in this case, the defendant in *Rios* offered an affidavit by the person to whom the misstatement was attributed, denying that the statement was made. *Id.* at 1348. The fact that the source was a fellow agent was not controlling. Hamel's offer of proof is in fact more substantial than the offer in *Rios.* In *Rios,* the defense offered an affidavit that denied only part of the information attributed to statements by the affiant's fellow agent. Melanson's affidavit denies that he made any of the statements that Cramp attributed to him. Melanson's sworn statement is the best available evidence of what Melanson said to the police.

■ Finally, the State argues that "substantial showing" should be interpreted to

mean a preponderance of the evidence. We agree that at a *Franks* hearing the defendant bears the burden to prove by a preponderance that the challenged affidavit contains knowing or reckless misstatements, without which there would have been no probable cause. *Franks,* 438 U.S. at 156, 98 S.Ct. at 2676; *State v. White,* 391 A.2d 291, 293 (Me. 1978). To require a defendant to come forward with a preponderance of evidence in his favor *prior* to the hearing is not warranted. Because Melanson's affidavit is a sworn statement from one of the persons best situated to know the truth and denies specific facts alleged in the police affidavit to obtain a warrant, Melanson's affidavit satisfies the substantial showing requirement.

Although with Melanson's statements, the affidavit is sufficient to support the court's finding of probable cause; without Melanson's statements, the affidavit supporting the warrant to search Hamel's home is insufficient to support probable cause. *See State v. Diamond,* 628 A.2d 1032, 1034 (Me.1993) (some specific allegation of criminal activity is required to support a finding of probable cause). Therefore, the admissibility of the evidence against Hamel depends on the truthfulness of Agent Cramp. Hamel is entitled to a hearing.

The entry is:

Judgment vacated. Remanded for further proceedings consistent with this opinion.

All concurring.