1998 ME 5

**STATE of Maine**

v.

**Cecil TORREY.**

Supreme Judicial Court of Maine.

Submitted on Briefs Nov. 24, 1997.

Decided Jan. 5, 1998.

Michael E. Povich, District Attorney, Dennis E. Smith, Asst. Dist. Atty., Ellsworth, for the State.

Jeffrey C. Toothaker, Toothaker & Chong, Ellsworth, for Defendant.

Before WATHEN, C.J., and ROBERTS, CLIFFORD, RUDMAN, DANA, LIPEZ, and SAUFLEY, JJ.

ROBERTS, Justice.

[¶ 1] Cecil Torrey appeals from the judgment entered in the Superior Court (Washington County, *Alexander, J.*) affirming the judgment of the District Court (Machias, *Westcott, J.*) convicting him of unlawful trafficking in scheduled drugs, 17–A M.R.S.A. § 1103 (1983 & Supp.1997). Torrey contends that the court erred by denying his motion to

suppress evidence obtained by the execution of a search warrant at his residence. We affirm the judgment.

[¶ 2] Because there has been no evidentiary hearing on Torrey's motion, we confine our analysis to the procedural aspects in this matter. The motion to suppress alleged that the affidavit submitted to obtain the search warrant contained "intentional and knowing misstatements" that were necessary for the issuance of the warrant, citing *Franks v. Delaware*, 438 U.S. 154, 98 S.Ct. 2674, 57 L.Ed.2d 667 (1978). Torrey requested an evidentiary hearing and filed three affidavits to contradict the affidavit supporting the warrant.

[¶ 3] After hearing from counsel, the court ruled that Torrey had not made a sufficient preliminary showing pursuant to *Franks*. In addition, the court declined to entertain an additional challenge raised for the first time that the officers had failed to knock and announce their presence before entering Torrey's home. Following his trial and conviction, Torrey appealed. Although the Superior Court (Washington County, *Mead, J.*) remanded for a hearing on the "knock and announce" issue, neither party presented any evidence. On Torrey's second appeal, the Superior Court (*Alexander, J.*) affirmed the judgment. This appeal followed.

[¶ 4] Torrey challenges only the rulings that resulted in the denial of his motion to suppress. Because the Superior Court acted in its appellate capacity, we review directly the rulings of the District Court. In so doing, we will disregard the court's second decision because we affirm the first. First, we conclude that the court correctly declined to conduct an evidentiary *Franks* hearing because the alleged falsity would not have affected the validity of the search warrant. *See State v. Van Sickle*, 580 A.2d 691, 693–94 (Me.1990). Second, Torrey had the burden of proof on his challenge to the execution of the search warrant. *See State v. Friel*, 508 A.2d 123, 127 (Me.1986). Moreover, "the suppression movant must articulate in his motion with sufficient particularity the specific reason on which he bases his claim that the seizure ... was illegal." *State v. Desjardins*, 401 A.2d 165, 169 (Me.

1979). The District Court was not obliged to entertain an objection to the method of executing the search warrant that was raised for the first time orally during the discussion of the *Franks* issue. In short, we affirm the court's denial of relief on an issue not properly raised and without evidentiary support.

The entry is:

Judgment affirmed.