STATE OF MAINE

KENNEBEC, ss.

SUPERIOR COURT
CRIMINAL ACTION
DOCKET NO. CR-02-386

STATE OF MAINE

v.

HANS C. PEASLEE,

Defendant

ORDER ON MOTION
TO SUPPRESS

DONALD L. GARBRECHT
LAW LIBRARY

MAR 12 2003

This matter is before the court on defendant's motion to suppress evidence. As a result of a search warrant from an affidavit, a package was seized at The Mailing Center in Augusta, Maine. The defendant asserts that paragraph 2(b) of the affidavit in support of the search warrant quotes a police officer stating that a civilian owner/employee accidentally opened a box addressed to the defendant and discovered a hay-type substance wrapped in "reddish-colored cellophane." In paragraph 2(c) of the affidavit, the officer states that the civilian told him that he could "see through the cellophane enough to see that it appeared to be a hay-type substance." Defendant submits an affidavit of an individual who was sent to the Augusta Police Department to view the package in question. The individual asserts under oath that the "reddish-colored cellophane" is not opaque but is so dense that you cannot determine what it covers and therefore you cannot see through the cellophane sufficient to see the substance. It is the defendant's position that he is, therefore, entitled to a "Franks hearing" to determine whether there is specific information in the search warrant affidavit which is false, whether the false information is material to the finding of probable cause, and whether the affiant included the false information knowingly or with reckless disregard as to its falsity. State v. VanSickle, 580 A.2d 691 (Me. 1990).

The State resists the defendant's request for a hearing, first asserting that the statement by the police officer in the affidavit was based upon information given him by a person not associated with law enforcement and that his statement contains items substantiating the officer's conclusions that the information from the civilian is reliable and from a reliable source. The State also argues that the officer obtained the search warrant in good faith and the evidence was seized in a reasonable, good faith reliance on the search warrant. *United States v. Leon*, 468 U.S. 897 (1984).

There are seven basic elements to the affidavit supporting this search warrant. First, the officer, with considerable training and experience, is quoting a civilian known to the officer from prior criminal investigation wherein the civilian provided detailed, credible information with respect to criminal activity. The second element is that the defendant made numerous phone calls to The Mailing Center appearing anxious for the package to arrive thereby alerting personnel to its importance. The third element is the observation by the civilian that the package contained "a large bale of hay-type substance wrapped in a reddish-colored cellophane." The fourth element is that the civilian detected an odor of marijuana coming from the package. The next element is that the civilian asserts that he has had previous experience with marijuana and is familiar with its odor. The next element of the affidavit is that the return address on the package was from Berkeley, California. Finally, the officer asserts that from his training and experience he is aware that individuals will mail marijuana to friends using independent mail locations such as The Mailing Center.

At a Franks hearing, the defendant bears the burden to present a substantial showing that without the information challenged, there would have been no probable cause. *State v. Hamel*, 634 A.2d 1272 (Me. 1993). The affidavit submitted by defendant challenges the appearance of the "hay-type substance" through the cellophane.

2

Therefore, even if the defendant were to successfully show that the informant could not see through the cellophane sufficiently to see what appeared to be hay-type substance, there would still remain the probable cause based upon the odor and the other elements as enumerated. Therefore, the court concludes that the requirements of *Franks v. Delaware*, 438 U.S. 154 and held in *State v. VanSickle*, 580 A.2d at 693 that an alleged misstatement is necessary for the finding of probable cause does not exist.

The entry will be:

Defendant's motion to suppress is DENIED.

Dated: March 5, 2003

Donald H. Marden
Justice, Superior Court

STATE OF MAINE
  vs      ·
HANS C PEASLEE
135 SPEARS CORNER ROAD
WEST GARDINER ME 04345

DOB: 07/18/1971
Attorney: SUMNER LIPMAN
         LIPMAN & KATZ PA
         227 WATER STREET
         PO BOX 1051
         AUGUSTA ME 04332-1051
         RETAINED 10/18/2002

Filing Document: INDICTMENT
Filing Date: 10/18/2002

SUPERIOR COURT
KENNEBEC, ss.
Docket No   AUGSC-CR-2002-00386

**DOCKET RECORD**

State's Attorney: DAVID CROOK

Major Case Type: FELONY (CLASS A,B,C)

## Charge(s)

1   UNLAWFUL TRAFFICKING IN SCHEDULED DRUGS      08/29/2002 AUGUSTA
    17-A   1103                Class C


2   CONSPIRACY TO COMMIT A CLASS C CRIME      08/29/2002 AUGUSTA
    17-A   151(1)                Class D


3   CRIMINAL FORFEITURE OF PROPERTY           08/29/2002 AUGUSTA
    15     5826                Class U


## Docket Events:

10/21/2002 FILING DOCUMENT -  INDICTMENT FILED ON 10/18/2002

           TRANSFER -  BAIL AND PLEADING GRANTED ON 10/18/2002

           TRANSFER -  BAIL AND PLEADING REQUESTED ON 10/18/2002

10/21/2002 Charge(s):  1,2,3
           HEARING -  ARRAIGNMENT SCHEDULED FOR 10/31/2002 @ 8:30

           NOTICE TO PARTIES/COUNSEL
11/01/2002 Charge(s):  1,2,3
           HEARING -  ARRAIGNMENT HELD ON 10/31/2002 @ 8:30
           S KIRK STUDSTRUP , JUSTICE
           Attorney:  WALTER MCKEE
           DA:  ALAN KELLEY        Reporter: PHILIP GALUCKI
           Defendant Present in Court

           READING WAIVED.  DEFENDANT INFORMED OF CHARGES.  COPY OF INDICTMENT/INFORMATION GIVEN TO
           DEFENDANT.  21 DAYS TO FILE MOTIONS, BAIL TO CONTINUE AS SET IN DISTRICT COURT.
11/01/2002 Charge(s):  1,2,3
           PLEA -  NOT GUILTY ENTERED BY DEFENDANT ON 10/31/2002

Printed on: 03/05/2003

11/01/2002 Charge(s): 1,2,3
         PLEA - NOT GUILTY ACCEPTED BY COURT ON 10/31/2002

11/01/2002 BAIL BOND - CASH BAIL BOND COND RELEASE ISSUED ON 10/31/2002

         ADDED CONDITION NO CONTACT WITH TODD HENDERSON
11/01/2002 BAIL BOND - CASH BAIL BOND CONTINUED AS SET ON 10/31/2002

11/08/2002 MOTION - MOTION FOR DISCOVERY FILED BY DEFENDANT ON 11/08/2002

11/08/2002 MOTION - MOTION FOR FURTHER DISCOVERY FILED BY DEFENDANT ON 11/08/2002

         MOTION FOR DISCOVERY FOR EXAMINATION OF PACKAGING, DEFENSE COUNSEL WISHES TO INSPECT
         PACKAGING.
11/13/2002 TRANSFER - BAIL AND PLEADING RECVD BY COURT ON 11/13/2002

         AUGUSTA DISTRICT COURT DOCKET NO: CR-02-2269
11/13/2002 BAIL BOND - $200.00 CASH BAIL BOND FILED ON 11/13/2002

         Bail Receipt Type: CR
         Bail Amt: $200
                                    Receipt Type: CK
                                    Prvdr Name: HANS  PEASLEE
         Date Bailed: 08/29/2002    Rtrn Name: HANS  PEASLEE


## Conditions of Bail:
Refrain from possession or use of intoxicating liquor. Refrain from possession or use of any
unlawful drugs.

Submit to random search and testing for alcohol, drugs upon reasonable suspicion of use or
possession.

Have no contact with...

         1  TODD  HENDERSON
11/22/2002 MOTION - MOTION TO SUPPRESS EVIDENCE FILED BY DEFENDANT ON 11/22/2002

         DA: WALTER MCKEE
         REQUESTING A FRANKS HEARING. SUPPRESS ALL EVIDENCE SEIZED AS A RESULT OF BOTH SEARCH
         WARRANTS.
12/23/2002 HEARING - MOTION FOR DISCOVERY SCHEDULED FOR 01/06/2003 @ 9:00

         NOTICE  TO PARTIES/COUNSEL
01/14/2003 HEARING - MOTION FOR DISCOVERY NOT HELD ON 01/06/2003

         STATE REQUESTED PROTECTION FOR THE 6TH AND 7TH.
01/14/2003 MOTION - MOTION FOR FURTHER DISCOVERY GRANTED ON 11/13/2002
         DONALD H MARDEN , JUSTICE
         COPY TO PARTIES/COUNSEL
01/31/2003 MOTION - MOTION FOR DISCOVERY GRANTED ON 01/27/2003

         COPY TO PARTIES/COUNSEL

01/31/2003 HEARING - OTHER MOTION HELD ON 01/27/2003
　　　　　DONALD H MARDEN , JUSTICE
　　　　　Attorney:  WALTER MCKEE
　　　　　DA:  PAUL RUCHA　　　　　Reporter: PEGGY STOCKFORD
　　　　　Defendant Present in Court

　　　　　FRANK'S HEARING IS BEING CONSIDERED, JUSTICE MARDEN HAS FILE UNDER ADVISEMENT
01/31/2003 MOTION - OTHER MOTION MADE ORALLY BY DEF ON 01/27/2003

　　　　　REQUEST FOR FRANK'S HEARING
01/31/2003 MOTION - OTHER MOTION UNDER ADVISEMENT ON 01/27/2003

　　　　　REQUEST FOR FRANK'S HEARING
03/05/2003 MOTION - OTHER MOTION DENIED ON 03/05/2003
　　　　　DONALD H MARDEN , JUSTICE
　　　　　REQUEST FOR FRANK'S HEARING
03/05/2003 MOTION - MOTION TO SUPPRESS EVIDENCE UNDER ADVISEMENT ON 01/27/2003
　　　　　DONALD H MARDEN , JUSTICE
03/05/2003 MOTION - MOTION TO SUPPRESS EVIDENCE DENIED ON 03/05/2003
　　　　　DONALD H MARDEN , JUSTICE
　　　　　COPY TO PARTIES/COUNSEL


A TRUE COPY
ATTEST:　_____
　　　　　　　　　　　Clerk

Printed on: 03/05/2003