STATE OF MAINE
~~SOMERSET~~ *Kennebec*, ss.

SUPERIOR COURT
CIVIL ACTION
DOCKET NO. CR-06-710
*JMD -KEN- 11/9/2007*

STATE OF MAINE

v.

**DECISION AND ORDER**

ROLAND LIEBOWITZ,

      Defendant


Defendant has moved for a *Franks* hearing and seeks the suppression of evidence obtained as a result of a search. Defendant also moves to suppress the evidence on the grounds of staleness.


I. Motion for a Franks Hearing

A *Franks* hearing entitles a defendant to challenge the truthfulness of statements made in an affidavit in support of a search warrant. *State v. Dickinson*, 2005 ME 100, ¶ 8, 881 A.2d 651, 655 (citing *Franks v. Deleware*, 438 U.S. 154, 155-56 (1978)). Defendant is entitled to a *Franks* hearing if:

> he makes a substantial preliminary showing that: (1) the affidavit to obtain a warrant included intentional and knowing misstatements or misstatements made in reckless disregard for the truth, and (2)…the misstatements were necessary for a finding of probable cause.

*Id.* (quoting *State v. Hamel*, 634 A.2d 1272, 1273 (Me. 1993)) (internal quotations omitted).

The same analysis applies in instances such as this when the alleged falsity of the affidavit arises from the omission of facts rather than the inclusion of false facts. *Id.* This court begins with the presumption that the affidavit is valid. *Id.*

> Therefore, to obtain a *Franks* hearing, a defendant's "attack must be more than conclusory and must be supported by more than a desire to cross-examine. A defendant must make allegations of deliberate falsehood or reckless disregard

for the truth, and those allegations must be accompanied by an offer of proof. The allegations should point out specifically the portion of the warrant affidavit that is claimed to be false; and they should be accompanied by a statement of supporting reasons. Affidavits or sworn or otherwise reliable statements of witnesses should be furnished, or in their absence satisfactorily explained. Moreover, if, when material that is the subject of the alleged falsity or reckless disregard is set to one side, there remains sufficient content in the warrant affidavit to support a finding of probable cause, no hearing is required.

*Id.* (internal quotation marks and citations omitted).

The affidavit here in question was prepared by Deputy John P. Borque and included the following information to conclude that there was probable cause in favor of issuance of a search warrant:  1) information provided by "CC-7" who knew defendant very well and had according to Det. Sgt. Paul and Lt. Gottardi provided reliable and credible information in the past that defendant was selling marijuana from his home; 2) information provided by Lt. Gottardi obtained from an unidentified reliable source that defendant was involved in marijuana trafficking; 3) Deputy Borque's own knowledge from a 3/28/05 search of the residence of Rodney Mcaleer, to which defendant showed up during execution of the search warrant and had his truck searched leading to defendant pleading guilty to drug trafficking based on marijuana and cash seized from his truck; 4) information provided by a cooperative jailhouse informant, "CD-L1," who had provided reliable information relating to a successful search warrant in the past against drug traffickers, that defendant sold marijuana and supplied it to others who sell marijuana; 5) information provided by a person confined on probation violation, "CI06-5," who had provided law enforcement with credible information leading to search warrants and arrests for illegal drug violations, that he had been an associate with defendant's relative and that defendant was a large scale marijuana dealer and that he had observed 50 pounds of marijuana in a house several years earlier that he was informed by his associate belonged to defendant.

Defendant contests the truthfulness of Deputy Borque's inclusion of information provided by CC-7. The State agrees that the affidavit contains several falsities as to CC-7. Thus this court in determining whether probable cause still exists, must assume to be part of the affidavit all information intentionally or recklessly omitted and redact from the affidavit all false information intentionally or recklessly included. See *State v. Van Sickle*, 580 A.2d 691, 692 (Me. 1990). First, the affidavit refers to CC-7 as a "CC" (concerned citizen) when in actuality he is a confidential informant, an individual involved in the criminal justice system. This difference is one that obviously goes to the veracity and reliability of information provided by CC-7, a consideration that this court must take up in evaluating whether probable cause should be found based on the totality of circumstances. Second, related to the characterization of CC-7 as a concerned citizen rather than a confidential informant is Deputy Borque's statement that CC-7 provided the information because he "wished to help law enforcement." Such an inference cannot be made in the context of a confidential informant and is assumed redacted in this court's review of the affidavit. Third, Deputy Borque omitted information that CC-7 is the defendant's son. Assuming this was omitted intentionally or recklessly it has some bearing on the reliability of information provided by CC-7 (Justin Liebowitz). Fourth, the context of Justin Liebowitz's prior drug convictions, that he was providing information against his father to gain favor with the D.A.'s office, and that he was on probation for drug charges out of Texas was not included in the affidavit. This information goes to the reliability of Justin Liebowitz's statements and should be assumed included in the affidavit.

With the adjustments to the affidavit detailed above, this court now must "give the affidavit a positive reading" reviewing it with all "reasonable inferences that may be drawn to support the magistrate's determination." *State v. Higgins*, 2002 ME 77, ¶ 20,

796 A.2d 50, 56. This court does so to determine whether based on the totality of the circumstances probable cause exists for the search warrant. In other words, whether the affidavit after the inclusion of erroneously omitted information and redacting false information establishes probable cause "given all the circumstances set forth in the affidavit before [the magistrate], including the veracity and basis of knowledge of persons supplying hearsay information, there is a fair probability that contraband or evidence of a crime will be found in a particular place." *State v. Wright*, 2006 ME 13, ¶ 8, 890 A.2d 703, 705.

Defendant assumes that the result of the information the court now has is that the first three paragraphs of the affidavit are fully redacted. This court does not agree. Assuming all of the information above was intentionally or recklessly omitted or included in the affidavit, this court looks at the statements of Justin Liebowitz as those of a self-interested confidential informant, on probation, with a checkered past as a criminal involved with drugs. They are also looked upon as the statements of a son against his father. While Justin Liebowitz's statements are clearly not viewed with the trustworthiness given to a concerned citizen, they are not immediately thrown out as self-interested lies. In fact, that Justin is defendant's son provides some context for his particularized knowledge of defendant's drug operation. Additionally, the information provided by Justin was corroborated by other individuals listed in the affidavit. While these pieces of information are not alone a basis for the search warrant, they serve to buttress the veracity of Justin's statements. Placing to the side all false information in the affidavit and including omitted information probable cause still exists for issuance of the search warrant.

II.    Staleness

Defendant further argues that with respect to paragraph 3 of the affidavit in support of a search warrant, Justin Liebowitz had stated he had seen marijuana approximately 14 days prior to issuance of the warrant, and that the affidavit does not support a conclusion that marijuana would still be at the defendant's house after 14 days.

"[W]hether a tip has gone stale depends upon the nature of the tip and the nature of the criminal activity alleged." *State v. Burgess*, 2001 ME 117, ¶ 8, 776 A.2d 1223, 1228 (quoting *United States v. Gonzalez*, 190 F.3d 668, 673 (5th Cir. 1999). This court must determine staleness "on the facts of each case." *Id.* "Staleness cannot be 'determined by simply a mechanical counting of the time between the time the tip is received and the time the tip is used." *Id.* (internal quotation and citations omitted). Thus the overarching question of whether the information in the affidavit provides probable cause is still whether as a whole it would "give a prudent person reason to believe that evidence of crimes or contraband exist in the place to be searched." *State v. Estabrook*, 2007 ME 130, ¶ 5-6, 932 A.2d 549, 551

The First Circuit has outlined the considerations of staleness as (1) nature of the criminal activity; (2) habits of the suspected criminal; (3) character of items to be seized; and (4) the nature of function of the premises to be searched. *United States v. Bucuvalas*, 970 F.2d 937, 940 (1st Cir. 1992) (overruled by the U.S. Supreme Court on grounds not related to this case). Defendant was alleged to be involved in the sale of marijuana, had a criminal history of doing so, and was alleged to have evidence of sale in his house. These factors in this particular case do not lead to a conclusion of staleness. The affidavit provides sufficient probable cause for the search.

The entry is:

Defendant's motion for a *Franks* hearing and motion to suppress evidence obtained in the search of his residence are DENIED.

Dated: 4-9-08

Joseph M. Jabar
Justice, Superior Court


Attorney for the State

James G. Mitchell, Jr.
Assistant District Attorney
Kennebec County


Attorney for the Defendant

John Wm. Martin
P.O. Box 68
Skowhegan, ME 04976

STATE OF MAINE
  vs
ROLAND .F LIEBOWITZ
529 LAKEVIEW DRIVE
SOUTH CHINA ME 04358

SUPERIOR COURT
KENNEBEC, ss.
Docket No   AUGSC-CR-2006-00710

**DOCKET RECORD**

DOB: 11/18/1953
Attorney: JOHN MARTIN                          State's Attorney: EVERT FOWLE
          JOHN MARTIN ESQ
          7 PLEASANT STREET
          PO BOX 68
          SKOWHEGAN ME 04976
          APPOINTED 10/17/2007

Filing Document: CRIMINAL COMPLAINT            Major Case Type: FELONY (CLASS A,B,C)
Filing Date: 06/29/2006

## Charge(s)

1    UNLAWFUL TRAFFICKING IN SCHEDULED DRUGS     06/28/2006 CHINA
Seq 8545   17-A  1103(1-A)(E)            Class C
    BOURQUE                   / KEN

## Docket Events:

06/29/2006 FILING DOCUMENT -  CRIMINAL COMPLAINT FILED ON 06/29/2006

06/29/2006 Charge(s): 1
          HEARING -  ARRAIGNMENT SCHEDULED FOR 06/29/2006 @ 1:00

          NOTICE TO PARTIES/COUNSEL
06/30/2006 Charge(s): 1
          SUPPLEMENTAL FILING -  INDICTMENT FILED ON 06/29/2006

06/30/2006 Charge(s): 1
          HEARING -  ARRAIGNMENT HELD ON 06/29/2006
          NANCY MILLS , JUSTICE
          Attorney: STEPHEN BOURGET
          DA:  QUINN KELLEY          Reporter: PEGGY STOCKFORD
          Defendant Present in Court

          READING WAIVED.  DEFENDANT INFORMED OF CHARGES.  COPY OF INDICTMENT/INFORMATION GIVEN TO
          DEFENDANT.  21 DAYS TO FILE MOTIONS
06/30/2006 Charge(s): 1
          PLEA -  NO ANSWER ENTERED BY DEFENDANT ON 06/29/2006

06/30/2006 BAIL BOND - $5,000.00 CASH BAIL BOND SET BY COURT ON 06/29/2006
          NANCY MILLS , JUSTICE
          W/CONDITIONS OF NO USE/POSSESSION OF DRUGS/ALCOHOL AND SUBMIT TO RANDOM SEARCH/TEST FOR
          SAME; COMPLY WITH CURFEW OF 7 PM TO 6 AM UNLESS TRAVELING TO AND FROM JOHN MARTIN'S MANOR
          IN WATERVILLE; RESIDE AT 529 LAKEVIEW DRIVE IN CHINA, MAINE; REPORT TO KENNEBEC SUPERIOR
          COURT ON 9/26/06 AT 8:00 AM FOR STATUS CONFERENCE
06/30/2006 BAIL BOND -  CASH BAIL BOND COND RELEASE ISSUED ON 06/29/2006

06/30/2006 Charge(s): 1