073672

STATE OF MAINE          CUMBERLAND, SS          UNIFIED CRIMINAL DOCKET
CUMBERLAND, ss.         CLERK OFFICE               No. CR-15-277

STATE OF MAINE    2015 AUG 3 PM 4 15

v.                                          ORDER

CODY PRATT,

            Defendant


Before the court is a motion to suppress by defendant Cody Pratt. Pratt seeks to suppress both certain statements he made at the scene of an accident and the results of a blood test that was taken at CMMC, where he was taken for treatment after the accident.


## Statements

Pratt's contends that his statements were involuntary under the circumstances given the injuries he had suffered. At the hearing, although the motion had been continued to allow the officer to be present, the officer was not present. The State has the burden of demonstrating that statements are voluntary and offered no evidence to meet that burden. Pratt's statements at the scene of the accident that there was no one else in the vehicle and that he had been driving are suppressed.


## Results of blood test

The blood test results were obtained by a search warrant issued by the District Court (Darvin, J.). Pratt argues that the blood test results were illegally obtained for two reasons. He argues that there was a HIPAA violation because the warrant affidavit states that Officer

Gaumont had been advised by CMMC medical staff that blood had been drawn from Pratt and that the blood had been screened for alcohol.

First, there is no suggestion in the record that CMMC Medical staff told Gaumont what Pratt's medical records disclosed as to his alcohol content. Pratt argues that it was a violation of HIPAA for CMMC staff even to tell Officer Gaumont that blood had been drawn and that an alcohol screen had been performed. Even is this is correct, Pratt has offered no authority for the proposition that a search warrant must be invalidated if the officer relies on information provided by private parties who disclosed that information in violation of HIPAA. Officer Gaumont is not a health care provider subject to HIPAA, and his inclusion of the information that Pratt's blood had been drawn did not violate HIPAA.

Second, although Pratt argues that he has a right to cross-examine the officer on whether he was aware that HIPAA had been violated, Pratt has not submitted an affidavit making a substantial preliminary showing that Officer Gaumont's warrant affidavit contains any deliberate or reckless falsehoods, and Pratt is therefore not entitled to a hearing under *Delaware v. Franks*, 438 U.S. 154 (1978). *See State v. Van Sickle,* 580 A.2d 691, 693 (Me. 1990).

Third, even if the warrant affidavit did not contain the information that CMMC staff had told Gaumont that there had been a blood draw and an alcohol screen, there would have been probable cause to issue a warrant to determine if such information had been collected.

Pratt's second challenge is based on the wording of the warrant, which lists the place to be searched as the person of Cody Pratt. However, from the warrant affidavit and from other language in the warrant itself, it is evident that what was sought to be seized were medical records evidencing a blood sample alcohol screen. Read as a whole, the warrant and the affidavit provided sufficient specificity as to the items to be seized. *See Commonwealth v. Truax,* 397

2

Mass. 174, 180-81, 490 N.E.2d 425 (1986). The requirement of specificity in a warrant is intended to prevent a general exploratory search, and Pratt does not argue that the warrant at issue in this case authorized such a search nor is he arguing that medical records were obtained that were unrelated to his blood-alcohol content.

Accordingly, Pratt's motion to suppress statements he made at the scene of the accident is granted and his motion to suppress the blood alcohol results obtained by search warrant is denied.

Dated: August _3_, 2015

Thomas D. Warren
Justice, Superior Court

3

STATE OF MAINE
vs
CODY J PRATT
P. O. BOX 722
NAPLES ME 04055

CRIMINAL DOCKET
CUMBERLAND, ss.
Docket No    CUMCD-CR-2015-00277

**DOCKET RECORD**

DOB: 10/31/1985
Attorney:     EDWARD DILWORTH                         State's Attorney:     JENNIFER ACKERMAN
              DOWS LAW OFFICE PA
              PO BOX 349
              NORWAY ME 04268
              RETAINED 05/26/2015
Filing Document:     INDICTMENT                       Major Case Type:  FELONY (CLASS A,B,C)
Filing Date:         01/09/2015

**Charge(s)**

1    OUI (ALCOHOL), 2 PRIORS                          10/11/2014     WINDHAM
Seq 12946          29-A   2411(1-A)(B)(2)      Class C
GAUMONT                                  /     BRI

**Docket Events:**

01/14/2015  FILING DOCUMENT - INDICTMENT FILED ON 01/09/2015

01/14/2015  BAIL BOND - $2,000.00 CASH BAIL BOND SET BY COURT ON 01/09/2015

            JOYCE A WHEELER , JUSTICE
            $2000 CASH BAIL. NO USE OR POSSESSION OF ALCOHOL OR ILLEGAL DRUGS. SUBJECT TO RANDOM SEARCHES
            AND TESTING FOR SAME.
01/14/2015  WARRANT - $2,000.00 ON COMP/INDICTMENT ORDERED ON 01/09/2015

            JOYCE A WHEELER , JUSTICE
            $2000 CASH BAIL. NO USE OR POSSESSION OF ALCOHOL OR ILLEGAL DRUGS. SUBJECT TO RANDOM SEARCHES
            AND TESTING FOR SAME.
01/14/2015  WARRANT - $2,000.00 ON COMP/INDICTMENT ISSUED ON 01/14/2015

            $2000 CASH BAIL. NO USE OR POSSESSION OF ALCOHOL OR ILLEGAL DRUGS. SUBJECT TO RANDOM SEARCHES
            AND TESTING FOR SAME.
04/30/2015  WARRANT - ON COMP/INDICTMENT EXECUTED BY AGENCY ON 04/30/2015 at 04:44 p.m.

05/04/2015  Charge(s):  1
            HEARING - ARRAIGNMENT HELD ON 05/01/2015

            ROLAND A COLE , JUSTICE

            DA:  ANGELA CANNON

            Defendant Present in Court

            DEFENDANT INFORMED OF CHARGES.  21 DAYS TO FILE MOTIONS            FTR #1
05/04/2015  Charge(s):  1
            PLEA - NOT GUILTY ENTERED BY DEFENDANT ON 05/01/2015

05/04/2015  BAIL BOND -  CASH BAIL BOND SET BY COURT ON 05/01/2015

            ROLAND A COLE , JUSTICE
            $750.. W/ MPS CONTRACT
05/04/2015  OTHER FILING - PRETRIAL SERVICES CONTRACT FILED ON 05/01/2015

05/04/2015  OTHER FILING - PRETRIAL SERVICES CONTRACT APPROVED ON 05/01/2015

            ROLAND A COLE , JUSTICE
05/04/2015  HEARING - DISPOSITIONAL CONFERENCE SCHEDULED FOR 07/16/2015 at 10:00 a.m. in Room No.  7

05/04/2015  TRIAL - JURY TRIAL SCHEDULED FOR 08/10/2015 at 08:30 a.m. in Room No.  11

            NOTICE TO PARTIES/COUNSEL

05/04/2015  MOTION - MOTION FOR APPOINTMENT OF CNSL FILED BY DEFENDANT ON 05/01/2015

05/04/2015  MOTION - MOTION FOR APPOINTMENT OF CNSL DENIED ON 05/01/2015
  ROLAND A COLE , JUSTICE
  OVER INCOME
05/05/2015  BAIL BOND - $750.00 CASH BAIL BOND FILED ON 05/04/2015

  Bail Receipt Type:  CR
  Bail Amt:  $750
  Receipt Type:  CK
  Date Bailed:  05/01/2015       Prvdr Name:  SOUTHERN  DOTSON
                                 Rtrn Name:   SOUTHERN  DOTSON
  409                            3RD PARTY DOB 6-28-81
05/26/2015  Party(s):  CODY J PRATT
  ATTORNEY - RETAINED ENTERED ON 05/26/2015

  Attorney:  EDWARD DILWORTH
06/30/2015  HEARING - DISPOSITIONAL CONFERENCE NOTICE SENT ON 06/30/2015

07/15/2015  Charge(s):  1
  MOTION - MOTION TO CONTINUE FILED BY DEFENDANT ON 07/14/2015

  Attorney:  EDWARD DILWORTH
  MOTION TO CONTINUE DISPO ON 7-16-15. ADA ACKERMAN DOES NOT OBJECT
07/16/2015  Charge(s):  1
  MOTION - MOTION TO CONTINUE GRANTED ON 07/16/2015
  THOMAS D WARREN , JUSTICE
  COPY TO PARTIES/COUNSEL
07/16/2015  HEARING - DISPOSITIONAL CONFERENCE CONTINUED ON 07/16/2015
  THOMAS D WARREN , JUSTICE
07/16/2015  Charge(s):  1
  HEARING - DISPOSITIONAL CONFERENCE SCHEDULED FOR 07/23/2015 at 01:00 p.m. in Room No.  7

07/16/2015  Charge(s):  1
  HEARING - DISPOSITIONAL CONFERENCE NOTICE SENT ON 07/16/2015

07/23/2015  Charge(s):  1
  HEARING - DISPOSITIONAL CONFERENCE HELD ON 07/23/2015
  JOYCE A WHEELER , JUSTICE
  Attorney:  EDWARD DILWORTH
  DA:  JENNIFER ACKERMAN
  CONF HELD, OFFER MADE.                          CASE UNRESOLVED. ATTORNEY FILED MOTIONS.
  HEARING SCHEDULED FOR 7-28-15
07/24/2015  MOTION - MOTION TO SUPPRESS FILED BY DEFENDANT ON 07/23/2015

  Attorney:  EDWARD DILWORTH
  MOTION TO SUPPRESS BLOOD TEST.
07/24/2015  HEARING - MOTION TO SUPPRESS SCHEDULED FOR 07/28/2015 at 01:00 p.m. in Room No.  1

  NOTICE  TO PARTIES/COUNSEL                                              SUPPRESS
  MEDICAL RECORDS
07/27/2015  MOTION - MOTION TO CONTINUE FILED BY STATE ON 07/27/2015

UNOPPOSED

07/27/2015  MOTION - MOTION TO CONTINUE GRANTED ON 07/27/2015

ROLAND A COLE , JUSTICE

COPY TO PARTIES/COUNSEL

07/27/2015  HEARING - MOTION TO SUPPRESS CONTINUED ON 07/27/2015

07/27/2015  HEARING - MOTION TO SUPPRESS SCHEDULED FOR 07/30/2015 at 01:00 p.m. in Room No. 1

NOTICE TO PARTIES/COUNSEL

07/27/2015  HEARING - MOTION TO SUPPRESS NOTICE SENT ON 07/27/2015

07/30/2015  HEARING - MOTION TO SUPPRESS HELD ON 07/30/2015

THOMAS D WARREN , JUSTICE

Attorney: EDWARD DILWORTH

DA: MICHAEL MADIGAN

Defendant Present in Court

ARGUMENTS MADE. MOTION RE: WARRANT UNDER ADVISEMENT. MOTION TO SUPPRESS STATEMENTS GRANTED. COPY OF SEARCH WARRANT TO BE PROVIDED TO ATTY. DILWORTH.
FTR 1

08/03/2015  MOTION - MOTION TO SUPPRESS UNDER ADVISEMENT ON 07/30/2015

THOMAS D WARREN , JUSTICE

08/03/2015  MOTION - MOTION TO SUPPRESS STATEMENT FILED BY DEFENDANT ON 07/23/2015

08/03/2015  MOTION - MOTION TO SUPPRESS STATEMENT GRANTED ON 08/03/2015

THOMAS D WARREN , JUSTICE

COPY TO PARTIES/COUNSEL

08/04/2015  MOTION - MOTION TO SUPPRESS DENIED ON 08/03/2015

THOMAS D WARREN , JUSTICE

COPY TO PARTIES/COUNSEL

08/04/2015  ORDER - COURT ORDER FILED ON 08/03/2015

THOMAS D WARREN , JUSTICE

ACCORIDINGLY, PRATT'S MOTION TO SUPPRESS STATEMENTS HE MADE AT THE SCENE OF THE ACCIDENT IS GRANTED AND HIS MOTION TO SUPPRESS THE BLOOD ALCOHOL RESULTS OBTAINED BY SEARCH WARRANT IS DENIED.

A TRUE COPY
ATTEST: _____
        Clerk